**FILED**

**NOT FOR PUBLICATION**

MAR 19 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10213 |
| Plaintiff - Appellee, | D.C. No. CR-04-00245-SOM |
| v. | |
| ALFRED WILLIAM KEMFORT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted March 15, 2007[**]
San Francisco, California

Before: BRUNETTI, W. FLETCHER, and BEA, Circuit Judges.

Alfred William Kemfort appeals the district court's denial of his motion to suppress evidence. He argues for suppression on three grounds: (1) that the search warrants were issued without probable cause; (2) that the state court failed to make

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an explicit probable cause determination; and (3) that the warrants did not adequately specify the items to be seized. We reject these arguments and affirm the district court.

**1.** A "practical, common-sense" reading of the affidavit presented to the issuing court indicates that the court "had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (alterations in original). The affidavit reports that a confidential informant made a controlled purchase of methamphetamine from Kemfort and that the same informant subsequently observed a large quantity of methamphetamine in Kemfort's residence. Although the authorities did not actually witness the informant's drug purchase, the affiant, Officer Perkett, took reasonable steps to monitor the purchase and ensure that the informant's account of events was accurate. *See, e.g., United States v. Artez*, 389 F.3d 1106, 1111-12 (10th Cir. 2004) (noting that "the absence of constant visual contact with the informant conducting the transaction does not render a controlled purchase insufficient"). It is also significant that the informant had previously made more than 20 controlled purchases, "resulting in the obtainment of over (15) search warrants resulting in the recovery of Crystal Methamphetamine, Marijuana, and other drugs." According to the affidavit, the informant "never provided information which was

found to be false or unreliable." That track record provides strong evidence of the informant's reliability. *See, e.g., United States v. Elliott*, 322 F.3d 710, 716 (9th Cir. 2003) (holding that the informant's "record of providing six reliable drug-related tips in the preceding three months was sufficient to overcome any doubts raised by his motives and prior criminal and personal behavior"); *United States v. Reeves*, 210 F.3d 1041, 1046 (9th Cir. 2000) (holding that an informant who had previously provided information "that led to three other search warrants, narcotics arrests and convictions" was sufficiently reliable); *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986) ("If an informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions.").

**2.** It was unnecessary for the warrants to state expressly that the issuing court made a probable cause determination. The issuing court's decision to issue the warrants indicates that the court did, in fact, find probable cause. The warrants refer to Hawaii Rule of Penal Procedure 41, which states that a judge may issue a warrant only "[i]f the judge is satisfied that the grounds for the application exist or that there is probable cause to believe that they exist." Haw. R. Penal P. 41(c). The fact that the warrants noted that Officer Perkett "has reason to believe that there is sufficient probable cause" does not mean that the warrants were issued

based solely on the bare assertion of Officer Perkett's beliefs. To the contrary, Officer Perkett presented the court with a detailed affidavit, and the warrants stated that "[p]roof by Affidavit ha[d] been made." *Cf. Gates*, 462 U.S. at 239 ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.").

**3.** The warrants in this case satisfied the Fourth Amendment's particularity requirement, despite the use of catchall phrases to describe the "articles of identification" and methamphetamine "paraphernalia" to be seized. The language used in the warrants did not permit "a general, exploratory rummaging in a person's belongings." *United States v. Sears*, 411 F.3d 1124, 1127 (9th Cir. 2005) (internal quotation marks omitted). We have previously upheld warrants authorizing the seizure of "any dangerous drugs and drug paraphernalia," despite the failure to offer any guidance as to what constitutes paraphernalia. *United States v. Mann*, 389 F.3d 869, 872 (9th Cir. 2004); *see also United States v. Reeves*, 210 F.3d 1041, 1043 (9th Cir. 2000) (approving a warrant that authorized seizure of "evidence of possession, manufacture, and delivery of the controlled substance methamphetamine," which "may include, but is not limited to" certain enumerated items). Similarly, we have upheld warrants authorizing the seizure of

4

"articles of identification," including fingerprints, in fairly broad terms. *See, e.g., United States v. Alexander*, 761 F.2d 1294, 1301 (9th Cir. 1985); *United States v. Whitten*, 706 F.2d 1000, 1008-09 (9th Cir. 1983); *United States v. Honore*, 450 F.2d 31, 32-33 (9th Cir. 1972).

We do not consider Kemfort's additional argument that the warrants failed to describe the "United States Currency" to be seized with sufficient particularity. Kemfort did not raise this issue before the district court in his motion to suppress. Accordingly, it was not preserved for appeal in his conditional plea agreement. *See United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004).

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 1 0 2007

by: Deputy Clerk